**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1945
_____

MAHENDER GURNASINGHANI,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-055-819)
Immigration Judge:Shifra Rubin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2021
Before: MCKEE, SHWARTZ and MATEY, Circuit Judges

(Opinion filed: December 7, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mahender Gurnasinghani, a citizen of India who is proceeding pro se, petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA). For the following reasons, we will deny the petition in part and dismiss it in part.

Gurnasinghani entered the United States in 1981 without being admitted or paroled. In 2012, the Government charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). An Immigration Judge in Newark, New Jersey, found Gurnasinghani removable as charged. The IJ also denied Gurnasinghani's motion to terminate and motion to continue the proceedings, which were based on Pereira v. Sessions, 138 S. Ct. 2105 (2018). In that case, the Supreme Court held that a notice to appear that fails to designate the time and place of removal proceedings, as required by 8 U.S.C. § 1229(a)(1)(G)(i), does not trigger the stop-time rule for cancellation of removal cases. Id. at 2113-14. Gurnasinghani filed a counseled appeal, raising only the Pereira-based claim. The Board of Immigration Appeals dismissed the appeal, relying on our decision in Nkomo v. Attorney General, where we refused to extend Pereira's holding beyond the stop-time rule context. 930 F.3d 129, 133-34 (3d Cir. 2019), cert. denied, 140 S. Ct. 2740 (2020). Gurnasinghani filed a timely pro se petition for review.[1]

We have jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's legal determinations, including its application of law to facts. See Herrera-Reyes v. Att'y Gen., 952 F.3d 101, 106 (3d Cir. 2020). Where the BIA has affirmed the IJ's denial of a

---

[1] Gurnasinghani filed the petition in the United States Court of Appeals for the Ninth Circuit. Because the Immigration Court proceeding took place in New Jersey, the Ninth Circuit transferred the matter, including Gurnasinghani's pro se brief, to this Court.

continuance request, we apply an abuse of discretion standard. See Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003).

The Board properly rejected Gurnasinghani's reliance on Pereira. As noted above, the Supreme Court held in Pereira that a notice to appear "that does not specify the 'time and place at which the proceedings will be held,' as required by [8 U.S.C.] § 1229(a)(1)(G)(i)," is not capable of triggering the stop-time rule in cancellation of removal cases. 138 S. Ct. at 2113-14. Gurnasinghani argued that his notice to appear was defective because it also lacked the time and place information. We have rejected an attempt to extend Pereira in this manner, however, holding that the lack of a time and date for a hearing in a notice to appear did not deprive the IJ of jurisdiction. See Nkomo, 930 F.3d at 133-34.

In addition, the Board did not abuse its discretion in affirming the denial of Gurnasinghani's request for a continuance. See 8 C.F.R. § 1003.29 (stating that an IJ may "grant a motion for continuance for good cause shown"); Khan v. Att'y Gen., 448 F.3d 226, 233 (3d Cir. 2006) (noting that the denial of a request for a continuance "should be reversed only if it is arbitrary, irrational or contrary to law"). Gurnasinghani sought a continuance based on a case then-pending in this Court, Cruz-Martinez v. Attorney General, which presented a Pereira claim. But Gurnasinghani cannot demonstrate that he was prejudiced by the denial of a continuance, see Khan, 448 F.3d at 236, because in Cruz-Martinez we ultimately rejected the same Pereira-based claim that Gurnasinghani sought to pursue in the continued proceedings. See Cruz-Martinez, 782 F. App'x 109, 113-14 (3d Cir. 2019) (not precedential).

Finally, we note that Gurnasinghani's pro se brief cites several authorities in support of his petition for review.  For instance, he lists the Life Act, the "NWIRP settlement,"[2] and the Amnesty Act of 1986.  As the Government points out, however, Gurnasinghani did not raise those issues in his brief to the Board.  Gov't's Br., 17-19 of 30; see also Administrative Record, at 9-12.  Accordingly, we will dismiss the petition for review in part, as we lack jurisdiction over those claims.[3]  See 8 U.S.C. § 1252(d)(1); Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012) ("A petitioner's failure to exhaust an issue by presenting it to the BIA deprives us of jurisdiction to consider that issue.").

For the foregoing reasons, we will dismiss the petition for review in part and deny it in part.

---

[2] This seemingly refers to Northwest Immigrant Rights Project (NWIRP) v. USCIS, No. 88-379R (W.D. Wash. Sept. 9, 2008), a national class-action lawsuit that involved claims by individuals who were unable to apply or who were deemed ineligible for legalization under the Immigration Reform and Control Act (IRCA) because of issues as to whether their unlawful status was "known to the government."

[3] To the extent that Gurnasinghani raises new claims in his pro se reply brief, we will not consider them.  See Khan v. Att'y Gen., 691 F.3d 488, 495 n.4 (3d Cir. 2012); cf. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief).